UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROY JOHNSON                                                    CIVIL ACTION

VERSUS                                                         NO. 07-410

MICHAEL HARRELL, CAPT. R.C.C.                                  SECTION "R" (2)

### REPORT AND RECOMMENDATION

Plaintiff, Roy Johnson, is a prisoner currently incarcerated in the Rayburn Correctional Center ("RCC") in Angie, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against RCC Captain Michael Harrell. Record Doc. No. 1.

Specifically, plaintiff asserts in his complaint that the Federal Emergency Management Agency ("FEMA") awarded him a check in the amount of $2,358[1] in September of 2005 before he was incarcerated. (Although Johnson also states that he was arrested on October 24, 2002 and convicted on April 30, 2003, which would suggest that he has been incarcerated since that date, the court will accept as true for purposes of this report and recommendation that he was not incarcerated in September 2005). Johnson asserts that a friend was holding the FEMA check for him, pending his release,

---

[1]This was the amount that FEMA awarded to Hurricane Katrina victims when they first applied for rental assistance. FEMA's website states that it awarded "$2,358 per household, as an initial payment for three month's rental assistance," also known as "Transitional Housing Assistance." http://www.fema.gov/hazard/hurricane/2005katrina/katrinatranshousing.shtm.

and that he received a letter from Deputy Warden Robert Tanner on July 31, 2006, advising him that he could have the check sent to him in prison. He says that the check arrived at the jail on August 28, 2006 and that defendant, Captain Michael Harrell (prison investigator), confiscated the check in order to investigate it. Record Doc. No. 1, Complaint, at ¶ IV. Thus, it appears from the allegations in the complaint that Capt. Harrell may have been suspicious about the propriety of a prisoner receiving a FEMA housing assistance check.

## **ANALYSIS**

I.   STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994)

(quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's claim must be dismissed under 28 U.S.C. § 1915A(b)(1) and (2) because it lacks an arguable basis in law and because his complaint fails to state

a claim of violation of his constitutional rights cognizable under Section 1983, even under the broadest reading.[2]

## II.   SECTION 1983 CLAIM: LOSS/DEPRIVATION OF PROPERTY

Johnson is a convicted prisoner who claims that Capt. Harrell confiscated a housing assistance check that had been sent to him by FEMA after Hurricane Katrina. Construed broadly, these allegations may constitute a complaint that Johnson was deprived of his property in violation of his due process rights. However, Johnson fails to state a cognizable Section 1983 claim, and his claim must be dismissed.

In deciding whether state action has violated an individual's right to due process, the court must address two questions: "whether the state action has deprived the individual of a protected interest--life, liberty or property," and if so, "whether the state procedures available for challenging the deprivation satisfy the requirements of due process." Augustine v. Doe, 740 F.2d 322, 327 (5th Cir. 1984); accord Neuwirth v. Louisiana State Bd. of Dentistry, 845 F.2d 553, 556 (5th Cir. 1988); Cuellar v. Texas Employment Comm'n, 825 F.2d 930, 934 (5th Cir. 1987).

The United States Supreme Court has consistently ruled that a prisoner's property and due process rights are circumscribed by his custodial status. In general, the Court

---

[2] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

has ruled that a state actor's random and unauthorized deprivation of a prisoner's property, whether negligent or intentional, does not result in a violation of due process rights if the state provides an adequate post-deprivation remedy. Alexander v. Ieyoub, 62 F.3d 709, 712 (5th Cir. 1995) (citing Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)).

    More specifically, in Parratt, a state prisoner, like Johnson, sued prison officials under Section 1983 alleging that their negligent loss of a hobby kit he had ordered from a mail order catalog deprived him of property without due process of law. The United States Court of Appeals for the Eighth Circuit affirmed the district court's summary judgment in the prisoner's favor, but the Supreme Court reversed, finding that no due process violation occurs when a state employee negligently deprives a prisoner of property, provided that the state makes available a meaningful post-deprivation remedy. Parratt, 451 U.S. at 543-44 (cited in Hudson, 468 U.S. at 532).

    In Hudson, a state prisoner filed suit under Section 1983, alleging that the correctional officer defendants had "conducted a 'shakedown' search of (the prisoner's) locker and cell for contraband," and had "intentionally destroyed certain of his noncontraband personal property during the . . . search." Hudson, 468 U.S. at 519-20. The Court specifically approved the conduct by prison officials of "wholly random

5

searches" or "routine shakedowns of prison cells" as "essential" to the effective security and administration of prisons. Id. at 529. Finding that the state had provided an adequate post-deprivation remedy for the alleged destruction of the prisoner's property, the Court found no violation of the plaintiff's rights actionable under Section 1983. "We hold that the Fourth Amendment has no applicability to a prison cell. We hold also that, even if [the officer] intentionally destroyed [the prisoner's] property during the challenged shakedown search, the destruction did not violate the Fourteenth Amendment since the [State] has provided [the prisoner] an adequate post-deprivation remedy." Id. at 536.

The Fifth Circuit has recognized that Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. Copsey v. Swearingen, 36 F.3d 1336, 1342-43 (5th Cir. 1994); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984).

Thus, the deprivation of property alleged by Johnson in this case, whether negligent or intentional, is precisely the kind of prisoner's claim as to which the Fifth Circuit has consistently affirmed dismissals by applying the Parratt/Hudson doctrine. Such dismissals are mandated even when the plaintiff has alleged that the property deprivation violates some prison regulation or policy. See Myers v. Klevenhagen, 97 F.3d 91 (5th Cir. 1996) (no due process violation when prison officials debited inmate's prison account to pay for medical services provided in prison, even when the action

6

violated the prison's own policies, procedures or regulations); Murphy v. Collins, 26 F.3d 541 (5th Cir. 1994) (inmate's Section 1983 claim that his dictionary (later destroyed as contraband), cup and bowl were confiscated without regard to prison policy was properly dismissed when adequate state post-deprivation remedies existed).

Plaintiff's state law remedy for the alleged negligent or intentional deprivation of his property lies in a conversion or other tort suit for damages in state court. Because no constitutional violation has been alleged, Johnson's complaint fails to state a claim for which relief may be granted pursuant to Section 1983 and/or is legally frivolous and must be dismissed. Plaintiff remains free to pursue his claim concerning his seized property in state court against the state officials who allegedly seized the FEMA housing assistance check improperly.[3]

---

[3] Even if Johnson's complaint stated some sort of cognizable Section 1983 claim, it would have to be dismissed. In the Prison Litigation Reform Act of 1996 ("PLRA"), Congress required that a prisoner complete an available prison administrative remedies procedure ("ARP") before filing a Section 1983 suit and eliminated the district court's discretion to permit a suit to proceed without ARP exhaustion. Porter v. Nussle, 534 U.S. 516, 532 (2002) (citing the Civil Rights of Institutionalized Persons Act, 94 Stat. 352, as amended, 42 U.S.C. § 1997(e)). In short, 42 U.S.C. § 1997(e)(a) now mandates exhaustion of administrative remedies, stating that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a) (emphasis added). In Clifford v. Gibbs, 298 F.3d 328, 329 (5th Cir. 2002), the Fifth Circuit reiterated the Supreme Court's finding that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. (citing Porter, 534 U.S. at 992) (emphasis added). Thus, even if plaintiff's allegations stated a claim, his complaint would have to be dismissed without prejudice for his admitted failure to exhaust the available ARP. Record Doc. No. 1, Complaint at ¶ II.D.

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __29th__ day of January, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE